NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0306n.06

No. 10-6459

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Mar 20, 2012**

LEONARD GREEN, Clerk

ACUITY MUTUAL INSURANCE          )
COMPANY,                         )
                                 )
    Plaintiff-Appellant,      )
                                 )  ON APPEAL FROM THE UNITED
v.                               )  STATES DISTRICT COURT FOR THE
                                 )  EASTERN DISTRICT OF TENNESSEE
DARRELL FRYE, et al.,            )
                                 )
    Defendants-Appellees.     )  OPINION

---

Before: MOORE, SUTTON, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge**. Acuity Mutual Insurance Company ("Acuity") appeals from the district court's order granting a new trial in the above-styled case solely on the issue of damages. Acuity argues that the district court erred in finding the jury's valuation of damages unreasonable and that granting a new trial on the issue of damages was improper. Finding no error or abuse of discretion and deeming argument unnecessary, Fed. R. App. P. 34(a), we affirm.

**I. BACKGROUND**

On February 9, 2009, a fire occurred in a building located at 621 Shallowford Road in Chattanooga, Tennessee. Defendant-Appellee Darrell Frye ("Mr. Frye") owned the subject property and Defendant-Appellee Lafonne Frye ("Ms. Frye" or, collectively, "the Fryes"), d/b/a Trinity Learning Center, operated a daycare center out of the building. As a result of the fire, the Fryes

suffered a loss of property. Mr. Frye filed a claim for payment of the loss pursuant to an insurance policy covering the premises issued by Acuity. Acuity denied the claim and subsequently filed an action in United States district court to determine the rights and obligations of the parties with respect to the fire damage.

Acuity alleged that Darrell Frye intentionally set the fire at 621 Shallowford and that, consequently, Acuity was not obligated under the policy to cover the Fryes' losses. Acuity alleged numerous other reasons for the denial of coverage, including that "there were material misrepresentations in the application for insurance voiding coverage under the policy of insurance from its inception" and "that the defendant Darrell Frye was not the owner of the business and is, therefore, not the proper insured under the policy of insurance." The Fryes denied any culpability for the fire and alleged that their claim was properly made in accordance with the terms and conditions of the insurance policy. The Fryes acknowledged that Ms. Frye should have been named as an insured in the policy, but alleged that it was the fault of Acuity and its agents that she was not named as an insured.

The case proceeded to trial on April 13, 2010. Both sides presented evidence and argument with regard to the nature, cause, and origin of the fire. In addition, numerous contractors testified regarding estimates they provided the Fryes to make the necessary structural and electrical repairs to the building after the fire. The estimates themselves, which totaled $226,377, were also admitted into evidence. Acuity did not obtain independent estimates, but did cross-examine the Fryes' contractors regarding the adequacy of their inspections and their knowledge of pre-existing damage to the building. Acuity also presented evidence that the roof at 621 Shallowford had been leaking

for some time prior to the fire, thereby raising the possibility that the estimates included repairs for damages unrelated to the fire.

On April 16, 2010, the jury rendered a unanimous verdict in favor of the Fryes, finding that Mr. Frye did not intentionally set fire to the building at 621 Shallowford. The jury further found that Mr. Frye proved the value of the fire loss and damage to the building to be $35,000, and that Ms. Frye proved the value of the fire loss of business property and business income to be $4,500 and $18,000, respectively.

Following the entry of judgment on the jury's verdict, both parties filed post-trial motions which form the basis of the present appeal. The Fryes filed a motion for new trial on the issue of damages,[1] arguing that the jury verdict was inadequate to compensate them for their proven losses and that there was insufficient evidence to support the amount of the jury's verdict. Acuity filed a motion for judgment notwithstanding the verdict or, alternatively, to alter or amend the judgment, seeking a judgment in its favor on the issues of arson and damages. The district court denied Acuity's motion, finding that reasonable jurors could draw more than one conclusion from the evidence and thus, that the jury's verdict with regard to liability should not be disturbed. As to the Fryes' motion for new trial, the district court granted the motion only on the issue of determining the reasonable value of the fire loss and damage to the building.[2] In its order dated July 30, 2010, the

---

[1] The Fryes' motion requested, in the alternative, that the court suggest an additur pursuant to Tenn. Code Ann. § 20-10-101. Citing the Seventh Amendment to the United States Constitution and *Dimick v. Schiedt*, 293 U.S. 474, 486-87 (1935), the district court declined to make a suggestion of additur. This portion of the district court's ruling is not challenged on appeal.

[2] With regard to the reasonable value of the damage to Trinity Learning Center's business property and its loss of business income, the district court found that the jury's verdict was reasonable and not against the clear weight of the

district court found that the Fryes presented uncontroverted evidence of property damage exceeding the policy limit of $218,500 and that Acuity did not dispute the accuracy or the validity of the Fryes' estimates. The district court concluded that "[a] new trial on the issue of damages to the building is appropriate because the jury's award of $35,000 bears no reasonable relation to the uncontroverted evidence." A new trial was set for November 16, 2010.

On October 13, 2010, roughly a month before the new trial on damages was to begin, Acuity filed a document titled "Stipulation of the Parties." The contents of this document read as follows:

> Comes now the parties to the above styled litigation and stipulate that the damages to be proven in this case will exceed the policy limits of the insurance policy insuring the defendants in the case. Pursuant to this Court's order and previous instructions to the jury that the amount of damages are limited by the limits of insurance covering the defendants building the parties stipulate that the proof to be offered at trial regarding damage to the building will exceed the policy limits of the policy of insurance.
>
> By making the stipulation neither party waives any legal argument made during the trial or after the completion of the trial in any pleading, in any oral argument, or in any statement, or offer of evidence to any witness or document in the trial. The parties, furthermore, do not waive any right of appeal or any right to waive any argument regarding the circumstances and rulings throughout the trial of this case.

Thereafter, the district court ordered each party to file a statement advising the court whether it was necessary to proceed with trial. Both parties filed statements to the effect that the value of the fire loss and damage to the building exceeded the policy limits and that a new trial on the issue of damages was unnecessary. Accordingly, on November 12, 2010, the court entered an amended

---

evidence. The court therefore declined to grant a new trial as to the value of these damages.

judgment in favor of Darrell Frye in the amount of $225,565.25.[3] Ten days later, Acuity initiated an appeal of the judgment.

## II. ANALYSIS

### A. Waiver of Acuity's Right to Appeal

At the outset, we address the Fryes' argument that, in light of the Stipulation of the Parties and Acuity's Statement Regarding Necessity of Proceeding Toward Trial, Acuity waived its right to appeal the amended judgment and dismissal is thus appropriate. We acknowledge that the unusual post-trial filings in this case indeed muddy the waters with regard to the propriety of the instant appeal. Upon piecing together the Stipulation and the Statement, it would appear that after the district court's order granting a new trial for damages Acuity 1) conceded that the Fryes' proof would show that their damages exceeded the policy limit; 2) agreed that there was no factual dispute with regard to damages and thus, no need for a new trial; and, 3) acknowledged, at least implicitly, that the Fryes were entitled to an amended judgment in the amount of the policy limit. It would then appear that, upon entry of the amended judgment, Acuity promptly and inexplicably appealed the judgment to which they had just consented. Equally perplexing, Acuity's Brief makes no mention at all of its post-trial stipulation or its statement deeming a new trial unnecessary, nor does it address the potential or perceived effect of these documents on its right to appeal.

In its Reply Brief, Acuity addresses for the first time the effect of the post-trial stipulation as it relates to the Fryes' waiver argument. First, Acuity correctly points out that the stipulation itself

---

[3] The parties also agreed by stipulation that the policy limit should be amended per its terms from $218,500 to $225,565.25.

contains an anti-waiver provision, which explicitly states that Acuity did not intend to waive its right to appeal any rulings made during or after trial, the stipulation regarding the dollar amount of damages notwithstanding. Acuity argues that this provision preserves its right to appeal the district court's order granting a new trial on damages and explains that "the practical effect of the stipulation is that if [the appellate court] finds that the order granting a new trial is correctly based on law and fact," then Acuity will concede that "the amount of damages exceeds the policy limits and there [will be] no need for a new trial. If, however, [the appellate court] finds that the trial Court's order granting a new trial . . . is inappropriate [then] the original jury verdict must be upheld."

We find that Acuity's interpretation of the anti-waiver provision is correct and that Acuity properly preserved its right to appeal the trial court's order granting a new trial on damages. We proceed, therefore, to the merits of Acuity's argument that the district court abused its discretion in granting the Fryes' motion for new trial on damages.

**B. Order Granting New Trial on Damages**

We review a district court's ruling on a motion for a new trial for abuse of discretion. *United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 450 (6th Cir. 2005); *Brooks v. Toyotomi, Co.*, 86 F.3d 582, 588 (6th Cir. 1996). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment. A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004).

Under Rule 59, after a jury trial a court may grant a new trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Generally, courts have interpreted this Rule to permit a new trial in circumstances where: 1) the verdict is against the weight of the evidence; 2) the damages are excessive; or 3) the trial proceedings were influenced by prejudice, bias, or some other unfairness to the moving party. *Conte v. General Housewares Corp.*, 215 F.3d 628, 637 (6th Cir. 2000). A trial court may not grant a new trial on the ground of insufficient damages unless the jury verdict is one that could not reasonably have been reached. *Walker v. Bain*, 257 F.3d 660, 674 (6th Cir. 2001) (citing *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996); *TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir. 1981)). "The remedy of a new trial for inadequate damages is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than unquestionably proved by the plaintiff's uncontradicted and undisputed evidence." *Id.* (citing *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996)). Thus, if the verdict is supported by some competent, credible evidence, the motion for new trial should be denied. *Id.*

The district court articulated and applied the proper standard in considering the Fryes' motion. In concluding that a new trial on the issue of damages was warranted, the district court summarized the Fryes' proof as follows:

> When all of the[] estimates are added together, Darrell Frye has presented evidence that the fire loss and damage to his building exceeds the insurance policy limit of $218,500.

| | |
|---|---|
| Lawson Electric Company | $27,000 |
| Millwright Construction and Maintenance | $26,677 |
| Jones Construction | $162,444 |

> J.D. Helton Roofing Company, Inc.        <u>$10,256</u>
>
>                                     Total   $226,377

> Acuity at trial did not dispute the accuracy and validity of these estimates for repairing the fire damage to the insured building. Instead, Acuity concentrated its efforts on seeking to prove that Darrell Frye deliberately set fire to the building.
>
> After reviewing the evidence, the Court concludes that the jury's verdict and award of $35,000 is unreasonable and against the clear weight of the evidence. The uncontroverted evidence established that the loss and damage to the insured building exceeded the maximum coverage limit of $218,500 in the insurance policy. A reasonable jury could not reach the verdict that the fire loss and damage to the insured building is an extremely low $35,000. The verdict of $35,000 is inadequate to compensate Darrell Frye because it is substantially less than the amount of damages that was unquestionably proved by the undisputed evidence. A new trial on the issue of damages to the building is appropriate because the jury's award of $35,000 bears no reasonable relation to the uncontroverted evidence.

The district court essentially found that because Acuity did not present its own estimates of the fire damage to the building, the Fryes' proof with respect to damages was conclusive. In other words, if the jury found that Acuity was liable, it was required to award the Fryes damages in the amount of their estimates in the absence of any other evidence regarding the cost of repairs.

On appeal, Acuity acknowledges that it did not dispute the dollar amounts of the Fryes' estimates, but argues that "the reasonableness of the dollar amounts was clearly brought into question by the totality of the evidence presented at trial." In particular, Acuity argues that the testimony it elicited from the Fryes' contractors on cross-examination suggested potential bias, the Fryes' failure to mitigate damages, and the contractors' failure to account for pre-existing damage to the building in their estimates. All of this, Acuity argues, called the credibility of the Fryes' contractors and the reliability of their estimates into question and provided the jury with sufficient information from which it could reasonably render a verdict in the amount of $35,000.

Acuity's argument fails because there is simply no evidence in the record to support a jury verdict of $35,000. The Fryes presented evidence that the fire damage to the building totaled $226,337. While a reasonable jury could perhaps find that the Fryes were entitled to less than this, the amount of the jury's award, to be reasonable, still must be supported by some competent, credible evidence. Acuity offered neither argument nor evidence at trial with regard to the dollar amount it would actually cost the Fryes to repair the fire damage to their building. Moreover, the verdict form gives no indication of the breakdown of the award, i.e., an explanation of how the jury arrived at the figure of $35,000. Upon review of the record, the figure appears to be arbitrary, bearing no relation to the Fryes' estimates, which were the only evidence produced at trial of the actual cost to repair the fire damage. Thus, while Acuity may have, in the eyes of the jury, successfully discounted the reliability of the Fryes' witnesses and evidence, it failed to produce any evidence of its own. In light of this absence of evidentiary support for the jury's award of $35,000, we find that the district court did not abuse its discretion in granting a new trial on the issue of damages to the building.

## C. The Fryes' Motion for Sanctions

Finally, we address the Fryes' motion for sanctions. The Fryes argue that Acuity's appeal is frivolous, and therefore that Acuity should be ordered to pay their attorneys' fees and costs on appeal, because its brief fails to cite any authority that warrants reversal of the district court. It is true that the only citations to legal authority in Acuity's brief appear in the extended excerpts of the district court's order. The essence of Acuity's argument on appeal, however, is that the district court incorrectly concluded that the jury's verdict was unreasonable in light of the evidence. Thus, Acuity's brief cites to the testimony and evidence of record which, in Acuity's view, supports the

reasonableness of the jury's verdict. In pursuing the instant appeal, Acuity asked this court to review that evidence and determine whether the district court abused its discretion in finding that the jury's verdict was unreasonable. Although we have answered this question in the negative, we do not find that Acuity's appeal was frivolous. Accordingly, the Fryes' motion for sanctions is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's grant of a new trial on the issue of damages and its amended judgment. The Fryes' motion to dismiss the appeal and for sanctions is **DENIED**.